AMBROSE C. SEGAR, administrator, *vs.* MERRILL N. LUFKIN.

Oxford. Opinion March 4, 1885.

*Administrators. Witness. Evidence.*

An administrator brought an action against two defendants and discontinued as to one of them by reason of his insolvency. *Held*, that such person, after the discontinuance, was a competent witness in behalf of the other defendant.

A witness testified to the payment by him to a party since deceased, of a sum of money on a note, and that on the same day he saw the deceased purchase a barrel of flour at a neighboring store. *Held*, that it was competent, as tending to contradict the witness in relation to the payment of the money, to show that the deceased did not purchase any flour at the time and place named by the witness.

ON EXCEPTIONS.

Assumpsit by the administrator of the estate of John E. Segar, deceased, on a promissory note for three hundred and fifty dollars, given the deceased by Nathan S. Farnum and the defendant.

The action was brought against both promisors and at the return term the plaintiff suggested the insolvency of Farnum and discontinued as to him.

The verdict was for ninety-seven dollars and seventy-seven cents, and the plaintiff alleged exceptions to certain rulings of the presiding justice, which are sufficiently indicated in the opinion.

*John P. Swasey*, for the plaintiff.

*James S. Wright*, for the defendant.

The testimony offered by the plaintiff to contradict Farnum was upon a collateral point drawn out by plaintiff's counsel on cross-examination of Farnum. The plaintiff was bound by Farnum's testimony upon that collateral issue.

Exceptions to the exclusion of testimony offered cannot be sustained, unless the materiality to some issue in the case is shown. 56 Maine, 204; 15 Maine, 67; 56 Maine, 535; 63 Maine, 410.

HASKELL, J. Farnum was not a defendant to the action after the discontinuance was entered as to him. The action then stood the same as though it had been brought against the other defendant alone, upon his several promise. Parties only are excluded by statute from testifying in causes, where the adverse party is an administrator. In such cases, persons not parties, although directly interested in the result of the suit, are competent witnesses. Their interest does not exclude them from being witnesses, but goes to affect their testimony. Farnum was a competent witness, and rightfully allowed to testify. *Haskell, Adm'r*, v. *Hervey*, 74 Maine, 192 and cases cited.

The issue tried was, whether Farnum had paid the plaintiff's intestate a part of the note in suit. Farnum, in behalf of the defendant, testified to making the payment at his own store, upon a day when the plaintiff's intestate waited there for some flour, that he, Farnum, had sent his boy to the railroad for.

Upon pertinent cross-examination Farnum testified that he did not furnish the plaintiff's intestate with the flour, but saw him, afterwards, load a barrel of flour into his wagon on the same afternoon, at a neighbor's store.

The neighbor was called by the plaintiff to prove that the plaintiff's intestate did not procure and load flour on, or near, the day testified to by Farnum. To the exclusion of this evidence the plaintiff has exception.

Farnum testified to a transaction with a deceased person, who cannot give his version of it. As a part of the same transaction he testified to a fact, fixing the time when the payment was made. The disproving of that fact would tend to show the absence of the plaintiff's intestate at the store of Farnum, when he says the payment was made, and ought to have been considered by the jury.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.